UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
JUAN CESPEDES-PENA,

       Plaintiff,

  -against-

UNITED STATES OF AMERICA,

       Defendant.
-----------------------------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 1/30/20

17-CV-05926 (KMW)

14-CR-00520(KMW)

**OPINION & ORDER**

KIMBA M. WOOD, United States District Judge:

Petitioner Juan Cespedes-Pena ("Petitioner") brings this *pro se* motion to vacate, set aside, and correct his sentence, pursuant to 28 U.S.C. § 2255, based on his counsel's allegedly ineffective performance. Because Petitioner cannot show prejudice resulting from his counsel's conduct, his motion is DENIED.

## BACKGROUND

Petitioner was arrested on June 4, 2014 on a one-count complaint. (ECF No. 1.[1]) On August 5, 2014, a Grand Jury returned a two-count indictment, charging Petitioner with one count each of conspiracy to import five kilograms and more of cocaine into the United States, in violation of 21 U.S.C. § 963; and conspiracy to distribute, and possess with the intent to distribute, five kilograms and more of cocaine, in violation of 21 U.S.C. § 846. (ECF No. 16.)

The Government did not make a plea offer to Petitioner. (First Trial Tr. 3, ECF No. 43.) The Government did supply Petitioner with a *Pimentel* letter, estimating his sentence under the Sentencing Guidelines to be 121 to 151 months' imprisonment with a mandatory minimum

---

[1] ECF numbers refer to Petitioner's criminal docket unless otherwise noted.

sentence of 120 months' imprisonment. Petitioner's counsel later confirmed on the record that he received this letter and discussed it with Petitioner. (*Id.* at 3–5.)

In March of 2015, Petitioner proceeded to trial. Petitioner's trial ended in a hung jury. (First Trial Tr. 742–43, ECF No. 57.) Petitioner was re-tried in May 2015 and convicted on both counts of the indictment. (ECF No. 110.) At both of Petitioner's trials, the Government introduced, without objection, photographs of cocaine seized on a ship. (First Trial Tr. 48–50, ECF No. 43; Second Trial Tr. 55–56, ECF No. 71.)

Prior to sentencing, defense counsel requested to meet with the Government for a "safety valve" proffer pursuant to 18 U.S.C. § 3553(f). The Government agreed; at the safety-valve proffer, Petitioner admitted that he gave perjured testimony at both of his trials. At sentencing, this Court stated, "The mandatory minimum of ten years does not apply, in light of his safety-valve proffer." (Sentencing Tr. 8, ECF No. 111.) Nonetheless, this Court sentenced Petitioner to 120 months in prison, explaining that this sentence was appropriate largely due to Petitioner's repeated perjury. (*Id.* at 9.)

Petitioner now seeks relief from his sentence under 28 U.S.C. § 2255, claiming his trial counsel rendered ineffective assistance by failing to apprise him of his option to enter an open plea and submit to a safety value proffer in order to avoid a mandatory 120-month sentence. (Petitioner's Letter Motion Pursuant to 28 U.S.C. § 2255 ("Pet. Mtn.") at 1–3, Civ. ECF No. 1.) Petitioner also claims his counsel rendered ineffective assistance by failing to inform him that the Government had furnished counsel with discovery, including the photographs of the seized narcotics that were admitted at both trials. (*Id.* at 1, 3.)

## LEGAL STANDARD

Collateral relief is available under § 2255 "only for a constitutional error, a lack of jurisdiction in the sentencing court, or an error of law or fact that constitutes 'a fundamental

2

defect which results in a complete miscarriage of justice.'" *United States v. Bokun*, 73 F.3d 8, 12 (2d Cir. 1995) (quoting *Hill v. United States*, 368 U.S. 424, 428 (1962)).

A district court is required to hold a "hearing in cases where the petitioner has made a 'plausible claim' of ineffective assistance of counsel." *Morales v. United States*, 635 F.3d 39, 45 (2d Cir. 2011) (quoting *Puglisi v. United States*, 586 F.3d 209, 213 (2d Cir. 2009) (quotation marks omitted)). To "warrant relief [on an ineffective assistance of counsel claim], a defendant must demonstrate both 'that counsel's performance was deficient' and 'that the deficient performance prejudiced the defense.'" *Waiters v. Lee*, 857 F.3d 466, 477 (2d Cir. 2017) (quoting *Strickland v. Washington*, 466 U.S. 668, 687 (1984)). "If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, . . . that course should be followed." *Strickland*, 466 U.S. at 697.

## DISCUSSION

Petitioner is not entitled to relief because he cannot establish that any of his counsel's allegedly ineffective conduct caused him prejudice.

Petitioner first argues his counsel misadvised hm about his ability to seek a safety valve proffer. Petitioner contends counsel told him that a guilty plea and a conviction at trial would both expose him to a mandatory minimum sentence of ten years, and that he could not avoid this mandatory minimum because the Government had not offered a plea bargain. (Pet. Mtn. 1.) Petitioner claims counsel never informed him of the option of making an open plea and seeking a safety valve proffer in order to avoid a mandatory minimum sentence. (*Id.*) According to Petitioner, he would have pursued this course had his counsel advised him properly. (*Id.*)

Whatever counsel may have said before trial, Petitioner was able to, and did, make a safety valve proffer prior to sentencing. This Court expressly acknowledged that at sentencing, and therefore stated at sentencing that the mandatory minimum did not apply. (Sentencing Tr.

3

8.)

Petitioner also argues counsel failed to inform him about incriminating photographs of narcotics that the Government provided to counsel during discovery. (Pet Mtn. at 3.) Petitioner fails to allege that counsel's conduct caused him prejudice of any kind. He does not claim he would not have gone to trial had he known the photographs existed, or that his attorney's failure to inform him about the photographs prejudiced his defense in any way. *See Billy-Eko v. United States*, 8 F.3d 111, 118 (2d Cir. 1993) (affirming denial of ineffective assistance of counsel claim premised on counsel's failure to adequately consult with defendant because defendant did not identify any error in counsel's performance or explain what better communication would have achieved), *abrogated on other grounds by Massaro v. United States*, 538 U.S. 500 (2003). In any case, regardless of what counsel told him before trial, Petitioner certainly learned the photographs existed when they were introduced at his first trial. Thus, counsel's alleged failure cannot have prejudiced him at his second trial, which is the trial that led to his conviction.

## CONCLUSION

For the reasons stated above, Petitioner's § 2255 motion is DENIED. A certificate of appealability will not issue because Petitioner has not made a substantial showing of the denial of a constitutional right. *See* 28 U.S.C. § 2253(c)(2); Fed. R. App. P. 22 (b). The Clerk of Court is directed to close this case. Any pending motions are moot.

SO ORDERED.

Dated: New York, New York
January 29, 2020

*Kimba M. Wood*
KIMBA M. WOOD
United States District Judge

4